IN THE UNITED STATES DISTRIT COURT
FOR THE NORTHERN DISTRCIT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JANE DOE and JOHN DOE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN DOE, | ) |
| | ) |
| Defendant. | ) |

COMPLAINT

COME NOW Plaintiffs, Jane Doe and John Doe, by and through counsel, and in support of their Complaint against Defendant show the Court as follows:

Introduction

1. This matter arises under Illinois common law and the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq. (the "Copyright Act").

2. Defendant committed intentional wrongful acts against Plaintiff Jane Doe by posting photographs of her on a pornography website and eliciting written and visual feedback of a pornographic and compromising nature from the public.

3. Defendant is also a persistent online infringer of Plaintiff John Doe's copyrights. Many of the photographs depicting Jane Doe and posted online by Defendant were taken by, and the copyrights thereto owned by, Plaintiff John Doe.

4. Plaintiff Jane Doe is the wife of Plaintiff John Doe.

Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), 29 U.S.C. § 1338 (patents, copyrights, trademarks and unfair competition), and 28 U.S.C. § 1332 (diversity jurisdiction).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because: (i) a substantial part of the events or omissions giving rise to the claims occurred in this District; and (ii) the Defendant resides (and therefore can be found) in this District. Venue is also proper in this District pursuant to 28 U.S.C. §1400(a) because Defendant resides in and may be found in this District.

Parties

7. Plaintiff Jane Doe is an individual. She is and at all times relevant to this action was a citizen of the State of Texas.

8. Plaintiff John Doe is an individual. He is and at all times relevant to this action was a citizen of the State of Texas.

9. Defendant John Doe is, according to his online representations, a citizen of the State of Illinois and a resident of this District. (Ex. A)

Background Allegations

10. Plaintiffs were contacted by a social acquaintance in the winter of 2015 and informed that images of Plaintiff Jane Doe appeared on the Internet on a pornographic website.

11. The website at issue is called "xHamster.com". The logo on xHamster.com reads "just porn, no bullshit". The site has sections on which members may post photos, videos, and stories. Members may also seek dating or live sex.[1]

Defendant's Misconduct

12. Defendant is a member of www.xHamster.com. His username is ctca1981. (Ex. A)

13. Defendant posted fifteen (15) photographs of Plaintiff Jane Doe to www.xHamster.com under his ctca1981 username. The photographs are posted with a caption reading "Hot Pakistani Milf for comments". (Ex. C)

14. Plaintiffs believe Defendant downloaded the fifteen photographs from Plaintiff Jane Doe's Facebook page. One of the photographs is cropped, but the face of Plaintiffs' minor child remains visible. (Ex. C)[2]

15. Defendant posted the photos at least 9 months ago. Since that time, he has from time to time altered the privacy settings on his account to make them available publicly at times, and at other times only available to his "friends" on x-Hamster.com. (Ex. A, B)

16. Defendant re-posted the fifteen (15) photographs again on December 13, 2015. (*See* Ex. C)

17. Defendant made the album containing the fifteen photographs of Plaintiff Jane Doe publicly available, which is how counsel for Plaintiffs was able to capture images of the album.

---

[1] See www.xhamster.com.
[2] Exhibit C has been redacted to protect the identity of Plaintiff Jane Doe and her minor child. No other redactions have been made to Exhibit C.

18. The purpose of posting photographs seeking comment is to elicit pornographic comments and images from other xHamster users. Defendant intentionally posted photographs of Plaintiff Jane Doe with the caption reading "Hot Pakistani Milf for comments" to elicit such pornographic comments and videos from other xHamster users. (Ex. B)

19. Other xHamster users did respond to Defendant's request. Some created what are called "tribute" videos. Tribute videos are video recordings of other users masturbating and ejaculating on the images posted by Defendant.

20. Three such tribute videos have been created and posted by other xHamster users. The videos include footage of the male genitalia of each xHamster user masturbating with the image of Plaintiff Jane Doe in view. The creator of each tribute video narrates the video and each can be heard making sexually explicit comments regarding the image of Plaintiff Jane Doe throughout the recordings. Each recording ends with its creator ejaculating on the image of Plaintiff Jane Doe. These videos are publicly available to view on xHamster.com, and counsel for Plaintff has both captured a copy and has forwarded a request to xHamster.com seeking to have the videos taken down, but preserved for production in discovery. (Ex. D[3])

21. In each of the fifteen (15) photographs, as well as in each of the three (3) tribute videos, Plaintiff Jane Doe is clearly depicted and is identifiable.

---

[3] Exhibit D is a screen grab of the tribute videos. It has been redacted to preserve the anonymity of Plaintiff Jane Doe. Plaintiff Jane Doe is prepared to submit the videos to the Court under seal for *in camera* review if the Court so requires.

<u>Plaintiffs' Damages</u>

22. Plaintiff Jane Doe is a married woman with small children. She has no criminal record and has never published nude or suggestive photographs of herself in any forum. She has never authorized anyone to take such photographs of herself, nor to publish any such photographs in any forum.

23. Plaintiff Jane Doe has been severely harmed by the publication of these photographs and the creation of the "tribute" videos. Jane Doe is a modest person. Publicity of these innocent photographs depicting her on a website bearing the logo "just porn, no bullshit" has been emotionally devastating for her. Moreover, the invitation to comment on the photographs and the creation of the "tribute" videos has caused Plaintiff Jane Doe significant emotional distress and shame. She has suffered physically and emotionally, and continues to suffer. She is concerned about her reputation, and is extremely concerned that the face of her minor child is also depicted on the site.

24. Plaintiff John Doe is the owner of the copyright to 10 of the 15 photographs published by Defendant. Plaintiff John Doe was the creator of photographs 5-14 on Exhibit C. (Ex. C)

25. Plaintiff John Doe posses the exclusive rights to the the photographs listed in Paragraph 24, and has never authorized any party to republish them.

26. Plaintiff John Doe did not authorize Defendant to publish the photographs at issue and would never have granted such authority to any person or entity.

27. Plaintiff John Doe has suffered emotionally from the wrongful actions of Defendant. His wife's modesty has been compromised, and he has suffered emotional harm due to this invasion of the dignity of their marital relationship.

COUNT I
<u>Intentional Infliction of Emotional Distress</u>
<u>Jane and John Doe v. Defendant John Doe</u>

28. Plaintiffs adopt and incorporate each of the Paragraphs of this Complaint as if fully set forth herein.

29. The acts and conduct of the Defendant as set forth above were extreme and outrageous. The Defendant intended to cause, or was in reckless disregard of the probability that his conduct would cause, severe emotional distress to Plaintiffs, as is more fully alleged above.

30. Said actions and conduct did directly and proximately cause severe emotional distress to Plaintiffs, and thereby constituted intentional infliction of emotional distress.

31. The misconduct described in this Count was undertaken with malice, willfulness and reckless indifference to the rights of others.

32. The misconduct described herein is outrageous, and outside all bounds of decency.

33. As a proximate result of Defendant's wrongful acts, Plaintiffs suffered damages, including severe emotional distress and anguish, as is more fully set forth above.

COUNT II
Invasion of Privacy/Misappropriation
Plaintiff Jane Doe v. Defendant John Doe

34. Plaintiffs adopt and incorporate each of the Paragraphs of this Complaint as if fully set forth herein.

35. The acts and conduct of the Defendant as set forth above were extreme and outrageous. The Defendant intended to cause, or was in reckless disregard of the probability that his conduct would cause, severe emotional distress to Plaintiffs, as is more fully alleged above.

36. Defendant published images of Plaintiff Jane Doe without her consent and for his own use and benefit, and for his own depraved purposes.

COUNT III
Direct Copyright Infringement
Plaintiff John Doe v. Defendant John Doe

37. Plaintiff John Doe adopts and incorporates each of the Paragraphs of this Complaint as if fully set forth herein.

38. Plaintiff is the owner of the copyrights to ten (10) of the fifteen (15) photographs posted by Defendant, each of which constitutes an original work of authorship.

39. Defendant published said photographs using his xHamster.com account, thereby copying and distributing the constituent elements of each of the original works.

40. Plaintiff John Doe did not authorize, permit or consent to Defendant's distribution of his works.

41. As a result of the foregoing, Defendant violated Plaintiff John Doe's exclusive right to reproduce the works in copies, in violation of 17 U.S.C. §106 and 501.

42. Defendant's infringements were committed willfully within the meaning of 17 U.S.C. § 504(c)(2).

WHEREFORE, Plaintiffs respectfully request that the Court:

(A) Award damages for intentional infliction of emotional distress in an amount exceeding $75,000.00 in favor of Plaintiff Jane Doe and against Defendant John Doe;

(B) Award damages for intentional infliction of emotional distress in an amount exceeding $75,000.00 in favor of Plaintiff John Doe and against Defendant John Doe;

(C) Award punitive damages in favor of Plaintiff Jane Doe and against Defendant John Doe in an amount to be determined by the Court;

(D) Permanently enjoin Defendant and all other persons working in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrights;

(E) Order that Defendant delete and permanently remove any and all digital media files relating to Plaintiff John Doe's works from each of the computers under Defendant's possession, custody or control;

(F) Grant Plaintiffs any additional relief the Court deems just and proper.

JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Erin Kathryn Russell
Counsel for Plaintiffs

The Russell Firm, LLC
233 South Wacker Drive, 84th Floor
Chicago, IL 60606
T: (312) 994-2424
F: (312) 706-9766
erin@russellfirmchicago.com
ARDC # 6287255

9